MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT, BAR NO. 65504
mriechert@morganlewis.com
SACHA M. STEENHOEK, BAR NO. 253743
ssteenhoek@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
IGATE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WOOD,<br><br>Plaintiff,<br><br>vs.<br><br>IGATE TECHNOLOGIES, INC., a business entity, form unknown; and Does 1 through 25, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a)(3) AND 1441(b)**<br><br>**(DIVERSITY OF CITIZENSHIP)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(b), Defendant IGATE Technologies, Inc. ("Defendant" or "IGATE") hereby removes the above-styled action from the Superior Court of the State of California in and for Alameda County to the United States District Court for the Northern District of California. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(3).

Pursuant to 28 U.S.C. § 1446(a), IGATE hereby states in support of its Notice of Removal:

## I. JURISDICTION

1. On October 10, 2014, Plaintiff Barbara Wood ("Wood") commenced this civil action against IGATE by filing a Complaint for Damages ("Complaint") in the Superior Court of the State of California in and for Alameda County entitled, *Barbara Wood v. IGATE Technologies, Inc., et al.*, Case No. RG 14744142 ("State Court Action").

2. The Complaint in the State Court Action was first personally served on IGATE on February 10, 2015. This Notice is filed within 30 days of service and receipt of the Complaint, as required by 28 U.S.C. § 1446(b) for removal. A true and correct copy of the Complaint, summons, and all other papers filed in the State Court Action are attached hereto as **Exhibit A**.

3. IGATE has not filed or served any papers in the State Court Action.

4. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal therefore is proper pursuant to 28 U.S.C. §§ 1332, 1441 & 1446.

## II. THE REMOVAL IS TIMELY

5. Defendant has timely removed this action within thirty (30) days of service. Plaintiff first personally served Defendant on February 10, 2015. Because this Notice of Removal is filed within 30 days of service of the Complaint on Defendants, it is timely under 28

U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

III. **THE COURT HAS SUBJECT MATTER JURISDICTION**

6. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, the action involves citizens of different States, and no properly joined defendant is a citizen of the same state as Wood.

A. **The Parties Are Citizens Of Different States.**

1. Plaintiff Is A Citizen Of Georgia.

7. Wood is, and was at the time the State Court Action was commenced, a citizen and resident of the State of Georgia. Declaration of Suresh Nair ("Nair Decl.") ¶ 6-7 and Ex. 1.

8. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC* 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id.*

2. Defendant Is A Citizen Of Other States.

9. IGATE is, and was at the time the State Court Action was commenced, a corporation organized under the laws of the State of Pennsylvania. Nair Decl. ¶ 2. IGATE's corporate headquarters and principal place of business are in the Township of Bridgewater in the State of New Jersey. *Id*. at ¶ 3 IGATE' s principal executive officers maintain their offices in Bridgewater, New Jersey and direct, control, and coordinate IGATE's business from that location. *Id*. Those executive officers stationed in Bridgewater, New Jersey include the president and chief executive officer; the senior vice presidents responsible for legal affairs (Americas, Europe, Australia, and Asia), manufacturing (North America), and specific North American customer and industry sectors (General Electric Company, insurance, healthcare, and life

sciences); the vice president for human resources (Americas); and the controller (North America). *Id*. at ¶¶ 3-4.

9.1 Because Bridgewater, New Jersey is IGATE's principal place of business pursuant to the "nerve center" test established by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), IGATE therefore is, and was at the time the State Court Action was commenced, a citizen of the States of Pennsylvania and New Jersey.

9.2 IGATE is not, and was not at the time the State Court Action was commenced, a citizen of the State of Georgia.

3. The Citizenship of the Doe Defendants Is Irrelevant.

10. Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious and unknown defendants should be disregarded for the purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. 1441(a) ("for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition.)

11. Thus, Plaintiff is a citizen of a state different from that of Defendant. Complete diversity therefore exists between the parties.

B. **The Amount-In-Controversy Requirement Is Satisfied.**

12. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed the amount or value of $75,000, exclusive of interest or costs.

13. Although the Complaint does not allege a damages amount, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (9th Cir. 1999).

14. Wood's Complaint for Damages prays for general and special damages ("commissions due," "loss of income," "emotional distress, loss of reputation, and loss of enjoyment of life"), and punitive damages. Wood values her lost commissions alone at approximately $4,000,000 (2% of sales revenue of a deal valued at approximately $200,000,000).

Complaint ¶¶ 7, 11. Wood additionally seeks recovery for loss of income, which, at the time of her termination, was $118,473 per year (Nair Decl. ¶ 8), plus punitive damages. The value of each of the foregoing items is to be included in the amount in controversy in the State Court Action. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Therefore, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required for removal. 28 U.S.C. §§ 1332(a), 1446(c)(2).

15. Thus, although Defendant denies Plaintiff's allegations, and denies that she is entitled to any of the relief she has requested in her Complaint, based on Plaintiff's allegations and prayer for relief and the above-described conservative assumptions, the potential total amount in controversy associated with the aggregated claims, if proven, would exceed $75,000, exclusive of interest and costs.

## IV. **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

16. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Defendant.

17. This district embraces the county in which the removed action has been pending.

18. The Summons and Complaint attached as **Exhibit A** constitute all the process, pleadings and orders in this case.

19. IGATE will promptly serve a copy of this Notice of Removal upon Wood and file a copy of this Notice of Removal with the Superior Court of the State of California in and for Alameda County, in compliance with 28 U.S.C. § 1446(d).

20. IGATE is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

21. Wood and IGATE agreed in their employment contract to jurisdiction and venue in any court or before any arbitrator geographically located in Alameda County. Nair Decl. ¶ 7 and Ex. 1. The State Court Action is filed in the Superior Court of California in and for Alameda County, California. IGATE has continuously from the time of Wood's employment to the present conducted business in Alameda County, California. Nair Decl. ¶ 5. Accordingly,

removal of the State Court Action to the Northern District of California is required by 28 U.S.C. § 1446(a) and post-removal venue is correct in the Northern District of California. 28 U.S.C. §§ 1391(a)(1), (b)(2)-(3), (c)-(d).

WHEREFORE, Defendant IGATE Technologies, Inc. respectfully removes Plaintiff Barbara Wood's State Court Action to the United States District Court for the Northern District of California from the Superior Court of the State of California in and for Alameda County, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

Dated: February 23, 2015

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Sacha M. Steenhoek*
Melinda S. Riechert
Sacha M. Steenhoek
Attorneys for Defendant
IGATE TECHNOLOGIES INC.