MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT, BAR NO. 65504
mriechert@morganlewis.com
SACHA M. STEENHOEK, BAR NO. 253743
ssteenhoek@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for Defendant
IGATE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WOOD,<br><br>                    Plaintiff,<br><br>          vs.<br><br>IGATE TECHNOLOGIES, INC., a business entity, form unknown; and Does 1 through 25, inclusive,<br><br>                    Defendant. | Case No. 3:15-cv-00799-JD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR INTRA-DISTRICT TRANSFER**<br><br>**28 U.S.C. § 1404(a); Local Rule 3-2**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     **May 13, 2015**<br>Time:    **10:00 a.m.**<br>Dept:    **Courtroom 11, 19th Floor**<br>Judge:   **Hon. James Donato** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25822675.2

NOTICE OF MOTION AND MOTION TO
TRANSFER TO OAKLAND DIVISION
CASE NO. 3:15-CV-00799-JD

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on May 13, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-referenced Court, located at 450 Golden Gate Ave., San Francisco, California, 94102, Courtroom 11, 19th Floor, Defendant IGATE TECHNOLOGIES, INC. ("Defendant") will and hereby does move this Court, pursuant to 28 U.S.C. § 1404(1) and Civil Local Rule 3-2(h), for an order transferring this case to the Northern District of California – Oakland Division. Defendant makes this Motion on the ground that, to the extent that the Court determines, in connection with Plaintiff's Motion to Remand, that the forum selection clause in the parties' employment agreement applies to the claims in this case, this case should be transferred to the Northern District of California – Oakland Division.

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Sacha Steenhoek, any reply filed in support of this motion, oral argument of counsel at the hearing, the files and records in this action and any other matters that Court may properly consider via judicial notice or otherwise.

Dated: April 8, 2015                  MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Sacha M. Steenhoek*
Melinda S. Riechert
Sacha M. Steenhoek
Attorneys for Defendant
IGATE TECHNOLOGIES INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25757809.4

NOTICE OF MOTION AND MOTION TO
TRANSFER TO OAKLAND DIVISION
CASE NO. 4:15-CV-00799-DMR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

To the extent that the Court determines, in connection with Plaintiff's Motion to Remand, that the forum selection clause in the parties' employment agreement applies to the claims in this case, Defendant IGATE Technologies, Inc. ("Defendant" or "IGATE") respectfully requests that this Court transfer the instant matter to the Northern District of California – Oakland Division, pursuant to Civil Local Rule 3-2 and 28 U.S.C. § 1404(a). Such intra-district transfers – like transfers between district courts in the United States – are proper, and indeed are required, when the parties have entered into a valid forum selection clause specifying a given district or division as having exclusive jurisdiction over the parties' claims. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S.Ct. 568, 579 (2013) ("[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'").

Here, the parties entered into an employment agreement, containing a valid forum selection clause, which specifies that the parties' disputes regarding the agreement must be enforced by "any court or arbitrator geographically located in Alameda County, California." Plaintiff has not contested the validity of the forum selection clause.[1] Therefore, pursuant to Civil Local Rule 3-2, 28 U.S.C. § 1404, and *Atlantic Marine*, to the extent that the Court determines that Plaintiff's claims are covered by the forum selection clause in the employment agreement, Defendant respectfully requests an order transferring this case to the Northern District of California – Oakland Division, for future proceedings.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Procedural History.

On October 10, 2014, Plaintiff filed a complaint in the Superior Court of California, County of Alameda against IGATE. Dkt No. 1-1 ("Complaint"). Defendant removed Plaintiff's claims to this Court on February 23, 2015. Dkt No. 1. In effectuating the removal, Defendant

---

[1] Indeed, Plaintiff's Motion to Remand (Dkt. No. 19) is based solely on the argument that the forum selection clause is valid and enforceable.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

DB2/ 25822675.2

1

NOTICE OF MOTION AND MOTION TO TRANSFER TO OAKLAND DIVISION
CASE NO. 3:15-CV-00799-JD

checked the box for the Oakland Division as the location in which this case should proceed. Declaration of Sacha Steenhoek ("Steenhoek Decl.") ¶ 2.

This case was initially assigned to Magistrate Judge Donna M. Ryu. Dkt. No. 5. Magistrate Ryu's courtroom is located in the Oakland Courthouse, Courtroom Four, 3rd Floor, 1301 Clay Street, Oakland, CA 94612. Steenhoek Decl. ¶ 3, Ex. 1. On March 10, 2015, Defendant consented to proceed before Magistrate Ryu. Dkt. No. 10. Despite having been ordered, on March 3, 2015, to consent or decline the magistrate judge by no later than March 10, 2015, Plaintiff neither consented nor declined the magistrate. *See* generally, Docket. Therefore, the case was randomly reassigned to a District Judge. Dkt. No. 11. On March 12, 2015, this case was assigned to District Judge Hon. James Donato. Dkt. No. 12. Judge Donato's courtroom is located in San Francisco, California. Steenhoek Decl. ¶ 4, Ex. 2. Plaintiff filed a motion to remand this case to state court on March 25, 2015. Dkt. No. 19.

**B.    Statement of Facts.**

As Plaintiff has conceded in her Motion to Remand, Plaintiff and Defendant entered into an employment agreement which included a forum selection clause which reads:

> Jurisdiction and venue is [sic] exclusively limited in any proceeding by the Company or Employee **to enforce their rights hereunder to any court** or arbitrator **geographically located in Alameda County, California**. The Employee hereby **waives any objections to the jurisdiction and venue of the courts in or for Alameda County, California**, including any objection to personal jurisdiction, venue, and/or forum non-convenient [sic], in any proceeding by the Company to enforce its rights hereunder filed **in** or for Alameda County, California.

Dkt. No. 19 p. 12 (Emphasis added.).

**III.    ARGUMENT**

**A.    Standard of Review.**

"In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Forum selection

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25822675.2

2

NOTICE OF MOTION AND MOTION TO
TRANSFER TO OAKLAND DIVISION
CASE NO. 3:15-CV-00799-JD

1  clauses are presumptively valid and should control unless a party can "clearly show that
2  enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as
3  fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).  If the
4  forum selection clause is valid, it is only unenforceable 'if enforcement would contravene a
5  strong public policy of the forum in which suit is brought." *Doe 1 v. AOL LLC*, 552 F.3d 1077,
6  1083 (9th Cir. 2009) (quoting *M/S Bremen*, 407 U.S. at 17).

Where, as here, a party seeks to enforce a forum selection clause, Section 1404(a) provides a mechanism for its enforcement and "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc.*, 134 S.Ct. at 579 (internal quotation omitted).  Here, Plaintiff's sole argument in support of remand is that the forum selection clause makes the San Francisco Division of the Northern District of California improper.  *Id*.  In such a situation, *Atlantic Marine* requires transfer of the case to the division consented to by the parties.

**B.   Transfer to the Northern District of California – Oakland Division Is Appropriate.**

Transfer to another division within the same district is appropriate, both under 28 U.S.C. § 1404(a) and Local Rule 3-2.  *See* Local Rule 3-2 (f) ("Whenever a Judge finds, upon the Judge's own motion or any motion of any party, that a civil action has not been assigned to the proper division within the district in accordance with this rule … the Judge may order such a transfer."); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district **or division** where it might have been brought **or to any** district or **division to which all parties have consented**."); *Rudgayzer v. Yahoo!, Inc.*, Case No. C 12-01399, 2012 WL 2930779 at *1-2 (N.D. Cal. July 17, 2012) (granting defendant's motion for intradistrict transfer from Oakland Division to San Jose Division pursuant to Local Rule 3-2, noting the parties' contract stating that all claims must be ground in the courts located in the county of Santa Clara); *Baltazar v. Apple Inc.*, Case No. C 10-03231 JSW, 2010 WL 4392740 at *2 (N.D. Cal. Oct. 29, 2010) (granting defendant's motion for intradistrict transfer from the Oakland Division to the San Jose Division under Local Rule 3-2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25822675.2

3

NOTICE OF MOTION AND MOTION TO
TRANSFER TO OAKLAND DIVISION
CASE NO. 3:15-CV-00799-JD

because it had "demonstrated that this action "arises in" Santa Clara County); *Shamrock Manufacturing Co. v. Ammex Corp.*, Case No. CV-F-10-908 OWW/SKO, 2010 WL 3153976 at * 8 (E.D. Cal. Aug. 9, 2010) (denying plaintiff's motion to remand and instead transferring the matter to the district/division in which the case should have been removed under the court's inherent power under 28 U.S.C. §§ 1404 and 1406).

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that, if this Court determines, on Plaintiff's Motion to Remand, that the forum selection clause applies to the claims that Plaintiff is making in this case, the Court transfer this matter to the Northern District of California – Oakland Division.

Dated: April 8, 2015                                           MORGAN, LEWIS & BOCKIUS LLP


By: */s/ Sacha M. Steenhoek*
Melinda S. Riechert
Sacha M. Steenhoek
Attorneys for Defendant
IGATE TECHNOLOGIES INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25822675.2

4

NOTICE OF MOTION AND MOTION TO
TRANSFER TO OAKLAND DIVISION
CASE NO. 3:15-CV-00799-JD