1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   BARBARA WOOD,                          Case No.  15-cv-00799-JD
                 Plaintiff,
8
9        v.                                **ORDER RE REMAND AND INTRA-
                                           DISTRICT TRANSFER**
10  IGATE TECHNOLOGIES, INC.,
                                           Re: Dkt. No. 19, 23
11               Defendant.
12        This order addresses whether this employment case, which was initially brought in
13  California state court, should be sent back there.  The plaintiff, Barbara Wood, claims that it
14  should be, based on a forum-selection clause found in the employment agreement between her and
15  the defendant, iGate Technologies:

16            Jurisdiction and venue is exclusively limited in any proceeding by
              the Company or Employee to enforce their rights hereunder to any
17            court or arbitrator geographically located in Alameda County,
              California.

18  Wood Decl., Ex. A ¶ 9, Dkt. No. 19.  The Court disagrees that remand is required by this
19  provision.  But it clearly selects a venue in Alameda County, and so the Court transfers the case to
20  the Oakland Division of this district.

21                              **BACKGROUND**
22        The case was initially filed by Wood in Alameda County Superior Court, and removed by
23  iGate to the United States District Court for the Northern District of California.  When iGate
24  removed the case, it selected this district's Oakland Division, which is located in Alameda County,
25  *see* Steenhoek Decl. ¶ 2, Dkt. No. 22-1, and the case was initially assigned to Magistrate Judge
26  Donna M. Ryu, whose chambers are in Alameda County.  iGate consented to proceed before
27  Magistrate Judge Ryu, Dkt. No. 10, but Wood did not file either a consent or declination to
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  magistrate judge jurisdiction, so the case was sent back to the wheel for reassignment to a district

2  judge.  Our local rules allow cases arising in Alameda County to be assigned either to the Oakland

3  Division or the San Francisco Division (which is not in Alameda County), and the case ended up

4  in San Francisco.

5      Wood filed a motion to remand the case to state court, arguing that the forum-selection

6  clause did not permit venue in this federal district court.  iGate's response was twofold:  It argued

7  that Wood's claims do not arise out of the employment agreement, so the forum-selection clause is

8  inapplicable.  Alternatively, it moved for the case to be transferred to the Oakland Division, which

9  it claimed would satisfy the forum-selection provision.

10                                    **DISCUSSION**

11      iGate first argument -- that the complaint is outside the venue provision -- is not well

12  taken.  Plaintiff's first three causes of action are breach of contract claims for unpaid commissions;

13  her fourth and fifth claims are for breach of restricted stock agreements, her sixth is for the breach

14  of the covenant of good faith and fair dealing based on the facts that gave rise to the previous

15  claims, and her last two claims are for wrongful termination, alleging that she was terminated to

16  avoid payment of her commissions.  Even if these do not turn on an actual breach of the

17  employment contract, they are likely to relate to interpretation of the contract, given the fact that it

18  governs at least Wood's initial compensation.  *See* Employment Agreement ¶ 2, Dkt. No. 1-3.  The

19  forum-selection clause is therefore in play.  *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d

20  509, 514 (9th Cir. 1988) (finding claims covered by forum-selection clause when they relate to

21  interpretation of contract).

22      But the applicability of the venue clause does not, as plaintiff seeks, require a remand to

23  state court.  A district court can certainly remand a case based on a forum-selection clause.  *See*

24  *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009).  But since the venue clause here allows

25  litigation in "any court" in Alameda County, it is not limited to state courts.  *See Simonoff v.*

26  *Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011) (holding that when a forum-selection clause

27  specifies "courts in" a given county venue is proper in a federal district court that sits in that

28  county).  The slight wrinkle here is whether this conclusion holds when the federal district court to

2

United States District Court
Northern District of California

1   which the case is removed covers more than just the county specified by the forum-selection

2   clause, and there is a possibility (in this case actualized) that the case will be assigned to a judge

3   outside of the county by operation of the district court's internal assignment procedures.

4          Another judge in this district, interpreting an identical forum-selection clause in a suit

5   against iGate, held that it does not.  *Dodd v. iGate Techs., Inc.*, No. 15-cv-00431-VC, Dkt. No. 21,

6   slip op. at 1 (N.D. Cal. Apr. 8, 2015), *appeal docketed*, No. 15-15688 (9th Cir. Apr. 9, 2015).

7   That judge found the forum-selection clause susceptible of two interpretations:  (1) the parties

8   consented to proceed in this district in either the San Francisco or the Oakland Division, because

9   of the possibility that the case could be assigned to either even when removed to the Oakland

10  Division; or (2) the parties did not consent to removal to this district at all, given the possibility

11  that the case could be assigned outside of the Oakland Division.  *See id.* slip op. at 1-2.  Finding

12  the clause ambiguous, the judge applied the canon that ambiguous forum-selection clause should

13  be construed against the drafter (there, as here, iGate), chose the second interpretation, and

14  remanded the case back to state court.  *See id.*

15         This Court has a different take on the forum-selection clause.  The venue provision here

16  unambiguously states that the parties consented to suit in this federal district court, but only to the

17  extent that the court allows it to be heard in Alameda County, whether through operation of its

18  internal assignment procedures or through intra-district transfer.  That is the conclusion the Court

19  draws from footnote 2 of *Simonoff*, which was also discussed in *Dodd*:

20             Simonoff claims that the Western District of Washington is not truly
               "in" King County because it encompasses and has physical locations
21             in several counties.  However, the present action was removed to the
               Seattle Division of the Western District of Washington, which has
22             its only courthouse in King County. This case unquestionably was
               removed to a court "in" King County, Washington.

23  *Simonoff*, 643 F.3d at 1206 n.2.  Significantly, the Ninth Circuit's analysis stopped after observing

24  that the case had been removed to the Seattle Division, and did not go on to consider whether there

25  was any chance of its being reassigned to another division through operation of the Western

26  District of Washington's internal rules.  In other words, the possibility that a case could be sent

27  elsewhere by virtue of the court's local rules, despite being removed to a division appropriate

28

3

United States District Court
Northern District of California

1   under the forum-selection clause, was not a consideration in determining whether removal was

2   proper.[1]  *See also Global Satellite Comm'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1273 (11th

3   Cir. 2004) (holding that removal was proper despite possibility that district court might transfer

4   case to division outside of selected forum because the district's local rules "do not by their own

5   operation make certainty of venue in a particular division impossible").

6        Consequently, the issue here is whether this case can be situated in Alameda County by an

7   intra-district transfer to this court's Oakland Division.  Our local rules allow transferring cases to

8   another division of this district if "the convenience of parties and witnesses and the interests of

9   justice will be served by transferring the action to a different division within the district."  Civil

10  L.R. 3-2(h).  The wording of this standard is almost the same as the one found in 28 U.S.C. §

11  1404(a), which the Supreme Court has interpreted to require giving effect to forum-selection

12  clauses "in all but the most exceptional cases."[2]  *Atlantic Marine Const. Co. v. U.S. Dist. Court*,

13  134 S. Ct. 568, 581 (2013).  The Court concludes that the parties' agreement to make venue proper

14  in the Oakland Division but not here is ample reason to transfer this case to the Oakland Division.

15  *See Global Satellite Comm'n*, 378 F.3d at 1273 (suggesting that "any contractual provision

16  mandating a particular locality for venue" would be a consideration in applying a local rule that

17  provided for intra-district transfers "in the interest of justice").

18       Wood waves the specter of judge shopping if transfer were permitted in cases like this one,

19  arguing that parties may strategically agree to "forum-selection clauses" that specify forums

20  restricted to particular floors of court buildings, or even specific courtrooms.  But that

21  circumstance is not before the Court.  The venue provision here is a plain vanilla clause with

22  nothing extraordinary or troubling about it.  Should parties ever try to effect the stratagem plaintiff

23  fears, the Court is confident that such overt gamesmanship will be properly answered by judges

24

25  _____

[1] The Court acknowledges that *PQ Labs, Inc. v. Yang Qi*, C 12-0450 CW, 2012 WL 2061527, at

26  *12 (N.D. Cal. June 7, 2012), read *Simonoff* differently.

[2] Section 1404(a) itself permits transferring cases "to any other . . . *division* where it might have

27  been brought or to any district or division to which all parties have consented."  28 U.S.C.

§ 1404(a) (emphasis added).  Wood argues that "division" here refers only to divisions specified

28  in 28 U.S.C. § 84(a), rather than the divisions created by Civil Local Rule 3-1.  The Court need

not resolve this issue, since it bases the transfer here on Civil Local Rule 3-2(h).

1    exercising their discretion under the local rules to decline transfer.

2                                    **CONCLUSION**

3         The clerk is directed to transfer this case to a district judge in the Oakland Division.

4         **IT IS SO ORDERED.**

5    Dated: April 22, 2015

6

7                                            _____

8                                            JAMES DONATO
                                             United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California