1   JOSEPH CLAPP, Esq., SBN 99194
    Aiman-Smith & Marcy
2   7677 Oakport Street, Suite 1150
    Oakland, CA 94621
3   Telephone: (510) 590-7115
    Facsimile: (510) 562-6830
4   Email: djc1.asm@gmail.com

5
    Attorneys for Plaintiff
6

7

8                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9                          OAKLAND DIVISION

10

11  BARBARA WOOD, an individual,          )  Case No.: 4:15-cv-00799-JSW
                                          )
12              Plaintiff,                 )
                                          )
13        vs.                              )  **Notice of Motion and Motion for**
                                          )  **Certification for Appeal of Order Denying**
14  IGATE TECHNOLOGIES INC., a business entity, )  **Remand; Supporting Memorandum of**
    form unknown; and Does 1 through 25, inclusive, )  **Points and Authorities; Request for Judicial**
15                                         )  **Notice of *Dodd v. iGate Technologies, Inc.*;**
                Defendants.                )  **Supporting Declaration of Joseph Clapp**
16                                         )
                                          )  **[28 USC Sec. 1292(b)**
17                                         )
                                          )
18                                         )
                                          )  Date: June 19, 2015
19                                         )  Time: 9:00 a.m.
                                          )  Courtroom: 5
20                                         )  Judge: Hon. Jeffrey S. White
                                          )
21                                         )
                                          )
22                                         )
                                          )
23  ────────────────────────────────────  )

24

25

26

27

28

1  TO EACH PARTY AND ATTORNEY OF RECORD:

2      PLEASE TAKE NOTICE that Plaintiff hereby moves for an order certifying for appeal the

3  court's order denying Plaintiff's motion to remand this action to the Superior Court of the State of

4  California in and for the County of Alameda (Docket No. 27). The hearing on this motion will be

5  held on June 19, 2015 at 9:00 a.m. in Courtroom 5, 1301 Clay St., Oakland, California 94612. This

6  motion is made pursuant to the authority of 28 U.S.C. Section 1292(b) on the grounds that the court's

7  denial of remand involves a controlling question of law as to which there is substantial ground for

8  difference of opinion, and that an immediate appeal may materially advance the ultimate termination

9  of this litigation. This motion is based on the Supporting Memorandum of Points and Authorities, on

10 Supporting Declaration of Joseph Clapp, on the file in this action, and on the file in *Dodd v. iGate*

11 *Technologies, Inc.*, N.D. CA Case No. 3:15-cv-00431-VC.

12                                          Respectfully submitted,

13 Dated: May 12, 2015                      aiman-smith marcy

14                                          /s/ Joseph Clapp

15                                          Joseph Clapp
                                            Attorneys for Plaintiff
16

17          **Supporting Memorandum of Points and Authorities.**

18      This is the tale of two identical motions to remand, both based on identical language of a

19 forum selection clause that was drafted by iGate Technologies. Both motions were heard in the

20 Northern District of California, and they were decided a mere two weeks apart.[1] In *Dodd v. iGate*

21 *Technologies*, Judge Vince Chhabria *granted* a motion for remand on the ground that the forum

22 selection clause precluded litigation in the Northern District. *See* Exhibit "*Dodd* Remand Order,"

23 attached to Declaration of Clapp. In the case at bar, Judge James Donato *denied* a motion for remand

24 on the ground that that the forum selection clause permitted litigation in the Oakland Division of the

25 Northern District. *See* Exhibit "*Wood* Denial of Remand Order," attached to Declaration of Clapp.

26 _____

27 [1] In the *Dodd* case, Judge Chhabria ordered remand on April 8, 2015. *See* "*Dodd* Remand Order,"
   attached to Declaration of Clapp. In the case at bar, Judge Donato denied remand on April 22, 2015.
28 Docket No. 27.

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*      Case No. 4:15-cv-00799-JSW
Page 1

1    Of course, one of these contradictory decisions must be wrong.  In the *Dodd* case, iGate has

2    recently (April 22) filed an appeal to the Ninth Circuit.  *See* Exhibit *"Dodd* Appeal," attached to

3    Declaration of Clapp.  In the case at bar, Wood requests certification of the denial of her motion to

4    remand to permit the Ninth Circuit to consider both cases simultaneously.  28 U.S.C. Section

5    1292(b).  Absent an immediate appeal of Judge Donato's order, the parties and the court will be

6    forced to expend time and money litigating in the Northern District, and their efforts will be wasted

7    when the Ninth Circuit upholds Judge Chhabria's decision in *Dodd.*

### An Interlocutory Appeal Would Expedite the Resolution of a Threshold Question – Which Forum Did the Parties Select?

10    As a condition of employment, iGate required Barbara Wood to sign an employment contract

11    containing the following standardized forum selection clause:

12          "Jurisdiction and venue is exclusively limited in any proceeding by the
            Company or Employee to enforce their rights hereunder to any court or
13          arbitrator geographically located in Alameda County, California."  *See*
            Exhibit *"Wood* Denial of Remand Order," attached to Declaration of
14          Clapp.

15    Wood filed suit against iGate in Alameda Superior Court.  iGate removed the case to

16    the Northern District, where it was assigned to Judge James Donato.  Wood moved to remand

17    the case based on iGate's forum selection clause, but Judge Donato denied the motion on the

18    ground that this forum selection clause unambiguously expressed the parties' intent to permit

19    litigation in the Oakland Division of the Northern District.  *Id.*

20    While denial of remand is usually a non-appealable interlocutory order, 28 U.S.C.

21    Section 1292(b) permits an appeal when the District Court certifies the matter for appeal and

22    the Ninth Circuit accepts the appeal.  Section 1292(b) authorizes the District Court to certify

23    the matter for appeal when an interlocutory order  (a) involves a controlling question of law

24    (b) as to which there is substantial ground for difference of opinion, and (c) an immediate

25    appeal might materially advance the ultimate termination of this litigation.

26    / / /

27    / / /

28    / / /

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*          Case No. 4:15-cv-00799-JSW
Page 2

## A. The Denial of Remand Involves a Controlling Question of Law.

An order involves a "controlling question of law" if its resolution on appeal could "materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litigation*, 673 F2d 1020, 1026 (9th Cir. 1982), *aff'd* 459 U.S. 1190 (1983). The appeal of the remand order satisfies this requirement. *Bauman v. Chase Investment Services Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014); *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). Resolution of the appeal in Wood's favor, of course, would effectively terminate the litigation in the district court.

## B. There Is Substantial Ground for a Difference of Opinion.

In *Dodd*, Judge Chhabria held that there were two possible interpretations of iGate's forum selection clause:

1. iGate's proffered interpretation – litigation could be held in the Northern District;

2. Dodd's proffered interpretation – litigation could not be held in the Northern District.

Judge Chhabria then employed the principle that ambiguities must be resolved against the drafter to find that the forum selection clause meant what Dodd said it meant. *See* Exhibit "*Dodd* Remand Order," attached to Declaration of Clapp.

In the case at bar, however, Judge Donato held that there was a *third* possible interpretation:[2]

3. Judge Donato's proffered interpretation – litigation could be held in the Oakland Division of the Northern District. *See* Exhibit "*Wood* Denial of Remand Order."

Of course, merely multiplying the number of interpretations would not lead to a different result because of the principle that ambiguities must be resolved against the drafter. But Judge Donato then went even further. He held that his proffered interpretation was the only *reasonable* interpretation. *Id.*

/ / /

/ / /

/ / /

---

[2] For some reason, Judge Donato's "unambiguous" interpretation of the forum selection clause had never occurred to iGate, the drafter of the clause, in the *Dodd* litigation. *See* iGate's Opposition, *Dodd v. iGate Technologies, Inc.*, N.D.Ca Case No. 3:15-cv-00431-CV, Docket No. 13.

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*   Case No. 4:15-cv-00799-JSW
Page 3

1    Therefore, Judge Donato and Judge Chhabria differ on whether interpretation number two,

2   *supra,* is an interpretation that is "reasonable."  In short:  One clause; one court; two judges; two

3   contradictory results.[3]  This intra-Northern District split reflects the existence of a substantial ground

4   for a difference of opinion.  *See Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 ("A

5   substantial ground for difference of opinion exists where reasonable jurists might disagree on an

6   issue's resolution . . . .").

7   **C. An Immediate Appeal Might Materially Advance the Ultimate Termination of this
       Litigation.**

8

9    Absent an immediate appeal, the parties will be forced to litigate in the district court.  In the

10  *Dodd* case, iGate filed its appeal on April 8, 2015.  *See* Exhibit *"Dodd* Appeal," attached to

11  Declaration of Clapp.  If in a year or two the Ninth Circuit upholds Judge Chhabria's remand order in

12  *Dodd,* then the parties' litigation efforts in the case at bar may be wasted completely.  Wood would

13  appeal any adverse judgment, and then, after another lapse of time for the appeal, the matter would

14  finally be remanded to state court, the forum agreed upon by the parties, to begin litigation anew.

15  Several years of time and money will have been for naught.

16                                              **Conclusion**

17   Wood requests that the court certify for an immediate appeal Judge Donato's order denying

18  her motion for remand.  Litigating in the wrong court will consume unnecessary resources – it is best

19  to resolve this threshold issue of which court should hear this matter at the threshold.

20                                      Respectfully submitted,

21  Dated:  May 12, 2015          **aiman-smith/ marcy**

22                                      /s/ Joseph Clapp

23                                      Joseph Clapp
                                         Attorneys for Plaintiff
24

25  / / /

26

27  [3] Actually, Judge Donato recognized that he was disagreeing with *two* of his colleagues on the
    Northern District bench, Judge Chhabria and Judge Claudia Wilkin.  *See* Exhibit *"Wood* Denial of
28  Remand Order," at 4n.1 ("The Court acknowledges that *PQ Labs v. Yang Qi,* C 12-0450 CW, 2012
    WL 2061527, at *12 (N.D. Cal. June 7, 2012), read *Simonoff* differently.").

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*       Case No. 4:15-cv-00799-JSW
Page 4

**Request for Judicial Notice**

Plaintiff requests that, under the authority of FRE 201(b)(2), the court take judicial notice of the documents in the court's file in *Dodd v. iGate Technologies, Inc.,* N.D.Ca. Case No. 3:15-cv-00431-VC. The documents in this file are not subject to reasonable dispute because the contents of these documents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Respectfully submitted,

Dated:  May 12, 2015

**aiman-smith marcy**

/s/ Joseph Clapp

Joseph Clapp
Attorneys for Plaintiff

**Supporting Declaration of Joseph Clapp**

I, Joseph Clapp, declare:

1. I am the attorney of record for Plaintiff Barbara Wood, and I testify to the following facts based on my personal knowledge of those facts.

2. I have attached as Exhibit "*Dodd* Remand Order" a true and correct copy of the remand order issued on April 8, 2015 by Judge Vince Chhabria in the case of *Dodd v. iGate Technologies, Inc.,* N.D.Ca Case No. 3:15-cv-00431-VC, Docket No. 21.

3. I have attached as Exhibit "*Wood* Denial of Remand Order" a true and correct copy of the denial of remand order issued on April 22, 2015 by Judge James Donato in the case at bar, Docket No. 27.

/ / /

/ / /

/ / /

/ / /

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*    Case No. 4:15-cv-00799-JSW
Page 5

1    4.  I have attached as Exhibit "*Dodd* Appeal" a true and correct copy of the notice of appeal

2  filed by iGate in the case of *Dodd v. iGate Technologies, Inc.,* N.D.Ca Case No. 3:15-cv-00431-VC,

3  Docket No. 22.

4    I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.

6

7  Date:  May 12, 2015                                              /S/ Joseph Clapp
                                                                     Joseph Clapp
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*          Case No. 4:15-cv-00799-JSW
Page 6

**EXHIBIT "*Dodd* Remand Order"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARETHA DODD,<br><br>                    Plaintiff,<br><br>          v.<br><br>IGATE TECHNOLOGIES, INC., et al.,<br><br>                    Defendants. | Case No.  15-cv-00431-VC<br><br>**ORDER REMANDING CASE AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 11, 12 |

Dodd's motion to remand is granted.

If a forum selection clause is ambiguous, the ambiguity must be resolved against the drafter. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987). It is undisputed that iGATE drafted the forum selection clause, so any ambiguity must be resolved in Dodd's favor.

The pertinent language of the clause is as follows:

> Jurisdiction and venue is exclusively limited in any proceeding by the Company or Employee to enforce their rights hereunder to any court or arbitrator geographically located in Alameda County, California.

Pursuant to this Court's intra-district assignment rules, this case was assigned to the San Francisco Division after iGATE removed it to federal court from Alameda County Superior Court. Local Civil Rule 3-2(d). The forum selection clause, on its face, is ambiguous about whether the parties contemplated litigation in the San Francisco Division of this district. On the one hand, it could be argued that: (i) the parties' use of the phrase "any court" is inconsistent with a desire to avoid federal court; (ii) the jurisdictional reach of this district includes Alameda County and there is a federal courthouse in Oakland; (iii) the parties therefore contemplated that litigation could take

1   place in this federal district rather than merely in Alameda County state court; and (iv) because

2   this district's rules for intra-district assignment specify that any lawsuit filed in or removed to the

3   Oakland Division of this Court may be assigned to the San Francisco Division, the parties

4   contemplated the possibility that a case could end up in federal court in San Francisco.  On the

5   other hand, it could be argued that: (i) the parties' use of the phrase "geographically located"

6   reflected an intent that any case be actually litigated in the physical confines of Alameda County,

7   which is where iGATE is located; (ii) the parties understood that if a case was filed in or removed

8   to the Oakland Division of this Court, it would likely end up in San Francisco given the operation

9   of the Court's intra-district assignment system; and (iii) therefore, because they did not want to

10  litigate outside of iGATE's home county, the language "court or arbitrator geographically located

11  in Alameda County" reflects an intent to preclude litigation in the U.S. District Court for the

12  Northern District of California.  The forum selection clause does not, on its face, contain a clear

13  statement that would compel one of these interpretations while ruling out the other.

14          Language that's ambiguous on its face could be made clear by case law interpreting similar

15  language.  But the case law does not clear up the ambiguity of this provision.  If anything, the case

16  law cuts in favor of Dodd's argument that the parties did not intend to be in this Court.  iGATE

17  relies primarily on *Simonoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011), but that case doesn't

18  answer the precise question presented here.  In *Simonoff*, the Ninth Circuit considered a forum

19  selection clause in which the parties consented "to the exclusive jurisdiction and venue of courts in

20  King County, Washington."  *Id.* at 1205.  The Ninth Circuit interpreted that clause to mean that the

21  parties consented to litigation in either federal or state court in King County.  *Id.* at 1205-06.  But

22  in a footnote, the Court stated as follows:

23              Simonoff claims that the Western District of Washington is not truly
                "in" King County because it encompasses and has physical locations
24              in several counties.  However, the present action was removed to the
                Seattle Division of the Western District of Washington, which has
25              its only courthouse in King County.  This case unquestionably was
                removed to a court "in" King County, Washington.
26
    *Id.* at 1206 n.2.  Subsequently, Judge Wilken of this Court highlighted the import of the *Simonoff*
27
    footnote by dismissing a case quite similar to this one.  She explained:
28

1    In *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011),
the court interpreted the phrase, "in the court in King County," to
2    refer to both federal as well as state courts located in King County
because, when a federal court sits in a particular county, the district
3    court is undoubtedly "in" that county. The court explained that the
preposition, "in," denoted geographic limitation; thus, the phrase,
4    "courts in" a particular state, includes any court within the physical
boundaries of the state, which would include both state and federal
5    courts located in that state. *Id.*

6    *Simonoff* does not apply here because, for this intellectual property
case, there is no federal court that sits only in Santa Clara County.
7    The Northern District of California has three divisions, but parties in
intellectual property actions have no right to venue in a particular
8    division. *See* Local Civil Rule 3–2(a) (actions in the excepted
categories, including intellectual property, shall be assigned on a
9    district-wide basis). This case is an example of the inter-district
assignment of actions; Plaintiff filed it in the San Jose division,
10   which is located in Santa Clara County, but it was assigned to the
Oakland division of the Court, which is located in Alameda County.
11   Therefore, even though Plaintiff filed this action in the San Jose
division, it has not been able to keep it there. Thus, there is no
12   federal court that can meet the forum selection requirements of the
Confidentiality Agreement.

13   *PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527, at *12 (N.D. Cal. June 7, 2012).  *See also, Stone v.*

14   *County of Lassen*, 2013 WL 269085, at *4 (E.D. Cal. Jan. 23, 2013); *Garza Aviation Servs., LLC*

15   *v. County of Yuma*, 2011 WL 6012967, at *4 (D. Ariz. Dec. 2, 2011).

16         Because the forum selection clause is facially ambiguous about whether the parties were

17   willing to litigate in the U.S. District Court for the Northern District of California, because the

18   case law does not clear up the ambiguity (with the case most directly on point actually cutting

19   against iGATE's proposed construction), and because the ambiguity must be resolved in Dodd's

20   favor, the case is remanded.  iGATE's motion for partial summary judgment is denied as moot,

21   and iGATE's request to stay this remand order pending appeal is denied.

22         **IT IS SO ORDERED.**

23   Dated:  April 7, 2015

24   _____
VINCE CHHABRIA
25   United States District Judge

3

**EXHIBIT "*Wood* Denial of Remand Order"**

1
2
3
4
5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

BARBARA WOOD,

         Plaintiff,

     v.

IGATE TECHNOLOGIES, INC.,

         Defendant.

Case No.  15-cv-00799-JD

**ORDER RE REMAND AND INTRA-DISTRICT TRANSFER**

Re: Dkt. No. 19, 23

12

     This order addresses whether this employment case, which was initially brought in

13 California state court, should be sent back there.  The plaintiff, Barbara Wood, claims that it

14 should be, based on a forum-selection clause found in the employment agreement between her and

15 the defendant, iGate Technologies:

16        Jurisdiction and venue is exclusively limited in any proceeding by
       the Company or Employee to enforce their rights hereunder to any
17        court or arbitrator geographically located in Alameda County,
       California.

18 Wood Decl., Ex. A ¶ 9, Dkt. No. 19.  The Court disagrees that remand is required by this

19 provision.  But it clearly selects a venue in Alameda County, and so the Court transfers the case to

20 the Oakland Division of this district.

21                               **BACKGROUND**

22      The case was initially filed by Wood in Alameda County Superior Court, and removed by

23 iGate to the United States District Court for the Northern District of California.  When iGate

24 removed the case, it selected this district's Oakland Division, which is located in Alameda County,

25 *see* Steenhoek Decl. ¶ 2, Dkt. No. 22-1, and the case was initially assigned to Magistrate Judge

26 Donna M. Ryu, whose chambers are in Alameda County.  iGate consented to proceed before

27 Magistrate Judge Ryu, Dkt. No. 10, but Wood did not file either a consent or declination to

28

United States District Court
Northern District of California

1   magistrate judge jurisdiction, so the case was sent back to the wheel for reassignment to a district

2   judge. Our local rules allow cases arising in Alameda County to be assigned either to the Oakland

3   Division or the San Francisco Division (which is not in Alameda County), and the case ended up

4   in San Francisco.

5       Wood filed a motion to remand the case to state court, arguing that the forum-selection

6   clause did not permit venue in this federal district court. iGate's response was twofold: It argued

7   that Wood's claims do not arise out of the employment agreement, so the forum-selection clause is

8   inapplicable. Alternatively, it moved for the case to be transferred to the Oakland Division, which

9   it claimed would satisfy the forum-selection provision.

10   **DISCUSSION**

11       iGate first argument -- that the complaint is outside the venue provision -- is not well

12   taken. Plaintiff's first three causes of action are breach of contract claims for unpaid commissions;

13   her fourth and fifth claims are for breach of restricted stock agreements, her sixth is for the breach

14   of the covenant of good faith and fair dealing based on the facts that gave rise to the previous

15   claims, and her last two claims are for wrongful termination, alleging that she was terminated to

16   avoid payment of her commissions. Even if these do not turn on an actual breach of the

17   employment contract, they are likely to relate to interpretation of the contract, given the fact that it

18   governs at least Wood's initial compensation. *See* Employment Agreement ¶ 2, Dkt. No. 1-3. The

19   forum-selection clause is therefore in play. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d

20   509, 514 (9th Cir. 1988) (finding claims covered by forum-selection clause when they relate to

21   interpretation of contract).

22       But the applicability of the venue clause does not, as plaintiff seeks, require a remand to

23   state court. A district court can certainly remand a case based on a forum-selection clause. *See*

24   *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009). But since the venue clause here allows

25   litigation in "any court" in Alameda County, it is not limited to state courts. *See Simonoff v.*

26   *Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011) (holding that when a forum-selection clause

27   specifies "courts in" a given county venue is proper in a federal district court that sits in that

28   county). The slight wrinkle here is whether this conclusion holds when the federal district court to

which the case is removed covers more than just the county specified by the forum-selection

clause, and there is a possibility (in this case actualized) that the case will be assigned to a judge

outside of the county by operation of the district court's internal assignment procedures.

Another judge in this district, interpreting an identical forum-selection clause in a suit

against iGate, held that it does not. *Dodd v. iGate Techs., Inc.*, No. 15-cv-00431-VC, Dkt. No. 21,

slip op. at 1 (N.D. Cal. Apr. 8, 2015), *appeal docketed*, No. 15-15688 (9th Cir. Apr. 9, 2015).

That judge found the forum-selection clause susceptible of two interpretations: (1) the parties

consented to proceed in this district in either the San Francisco or the Oakland Division, because

of the possibility that the case could be assigned to either even when removed to the Oakland

Division; or (2) the parties did not consent to removal to this district at all, given the possibility

that the case could be assigned outside of the Oakland Division. *See id.* slip op. at 1-2. Finding

the clause ambiguous, the judge applied the canon that ambiguous forum-selection clause should

be construed against the drafter (there, as here, iGate), chose the second interpretation, and

remanded the case back to state court. *See id.*

This Court has a different take on the forum-selection clause. The venue provision here

unambiguously states that the parties consented to suit in this federal district court, but only to the

extent that the court allows it to be heard in Alameda County, whether through operation of its

internal assignment procedures or through intra-district transfer. That is the conclusion the Court

draws from footnote 2 of *Simonoff*, which was also discussed in *Dodd*:

> Simonoff claims that the Western District of Washington is not truly
> "in" King County because it encompasses and has physical locations
> in several counties. However, the present action was removed to the
> Seattle Division of the Western District of Washington, which has
> its only courthouse in King County. This case unquestionably was
> removed to a court "in" King County, Washington.

*Simonoff*, 643 F.3d at 1206 n.2. Significantly, the Ninth Circuit's analysis stopped after observing

that the case had been removed to the Seattle Division, and did not go on to consider whether there

was any chance of its being reassigned to another division through operation of the Western

District of Washington's internal rules. In other words, the possibility that a case could be sent

elsewhere by virtue of the court's local rules, despite being removed to a division appropriate

3

1    under the forum-selection clause, was not a consideration in determining whether removal was

2    proper.[1]  *See also Global Satellite Comm'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1273 (11th

3    Cir. 2004) (holding that removal was proper despite possibility that district court might transfer

4    case to division outside of selected forum because the district's local rules "do not by their own

5    operation make certainty of venue in a particular division impossible").

6         Consequently, the issue here is whether this case can be situated in Alameda County by an

7    intra-district transfer to this court's Oakland Division.  Our local rules allow transferring cases to

8    another division of this district if "the convenience of parties and witnesses and the interests of

9    justice will be served by transferring the action to a different division within the district."  Civil

10   L.R. 3-2(h).  The wording of this standard is almost the same as the one found in 28 U.S.C. §

11   1404(a), which the Supreme Court has interpreted to require giving effect to forum-selection

12   clauses "in all but the most exceptional cases."[2]  *Atlantic Marine Const. Co. v. U.S. Dist. Court*,

13   134 S. Ct. 568, 581 (2013).  The Court concludes that the parties' agreement to make venue proper

14   in the Oakland Division but not here is ample reason to transfer this case to the Oakland Division.

15   *See Global Satellite Comm'n*, 378 F.3d at 1273 (suggesting that "any contractual provision

16   mandating a particular locality for venue" would be a consideration in applying a local rule that

17   provided for intra-district transfers "in the interest of justice").

18        Wood waves the specter of judge shopping if transfer were permitted in cases like this one,

19   arguing that parties may strategically agree to "forum-selection clauses" that specify forums

20   restricted to particular floors of court buildings, or even specific courtrooms.  But that

21   circumstance is not before the Court.  The venue provision here is a plain vanilla clause with

22   nothing extraordinary or troubling about it.  Should parties ever try to effect the stratagem plaintiff

23   fears, the Court is confident that such overt gamesmanship will be properly answered by judges

24

25   [1] The Court acknowledges that *PQ Labs, Inc. v. Yang Qi*, C 12-0450 CW, 2012 WL 2061527, at
     *12 (N.D. Cal. June 7, 2012), read *Simonoff* differently.
26   [2] Section 1404(a) itself permits transferring cases "to any other . . . *division* where it might have
     been brought or to any district or division to which all parties have consented."  28 U.S.C.
27   § 1404(a) (emphasis added).  Wood argues that "division" here refers only to divisions specified
     in 28 U.S.C. § 84(a), rather than the divisions created by Civil Local Rule 3-1.  The Court need
28   not resolve this issue, since it bases the transfer here on Civil Local Rule 3-2(h).

4

1  exercising their discretion under the local rules to decline transfer.

2                              **CONCLUSION**

3          The clerk is directed to transfer this case to a district judge in the Oakland Division.

4          **IT IS SO ORDERED.**

5  Dated: April 22, 2015

6

7                                          _____

8                                          JAMES DONATO
                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**EXHIBIT "*Dodd* Appeal"**

1  MICHAEL C. HALLERUD, State Bar No. 68971
hallerud@nixonpeabody.com
2  BONNIE GLATZER, State Bar No. 147804
bglatzer@nixonpeabody.com
3  NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
4  San Francisco, California 94111-3600
Telephone:  (415) 984-8200
5  Facsimile:  (415) 984-8300

6  Attorneys for Defendant and Counterclaimant
IGATE TECHNOLOGIES, INC.

7

8            **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  KARETHA DODD,

12              Plaintiff,      |  Case No. 3:15-cv-00431-VC

13     v.                 |  **NOTICE OF APPEAL**

14  IGATE TECHNOLOGIES, INC., a Pennsylvania
corporation; MUKUND SRINATH, an individual;
15  and DOES 1 through 200,

16             Defendants.

17

18  IGATE TECHNOLOGIES, INC.,

              Counterclaimant,
19

20     v.

21  KARETHA DODD,

22            Counter-Defendant.

23

24

25

26

27

28

1        Notice is hereby given that IGATE Technologies, Inc., a defendant in the above named case,

2   hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order Remanding

3   Case and Denying Motion for Partial Summary Judgment, entered in this action on the 8th day of

4   April, 2015. Attached as **Exhibit A** is a true and correct copy of the Order. Attached as **Exhibit B** is

5   the Representation Statement of Defendant/Appellant IGATE Technologies, Inc.

6

7   DATED: April 8, 2015                                NIXON PEABODY LLP

8

9                                                       By: /s/  Michael C. Hallerud

10                                                          Michael C. Hallerud
                                                            Bonnie Glatzer
11                                                          Attorneys for Defendant/Counterclaimant
                                                            IGATE TECHNOLOGIES, INC.
12

13   4846-9207-1203.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    -1-

# PROOF OF SERVICE

I, the undersigned, hereby declare:  I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action.  I am either admitted to practice before this Court or employed in the Office of an attorney admitted to practice in this Court.  My business address is 7677 Oakport, Suite 1150, Oakland, California 94621.

I hereby certify that on this date, the foregoing:

**Notice of Motion and Motion for Certification for Appeal of Order Denying Remand; Supporting Memorandum of Points and Authorities; Request for Judicial Notice of *Dodd v. iGate Technologies, Inc.*; Supporting Declaration of Joseph Clapp**

was filed electronically with the Clerk of the court to be served by operation of the Court's ECF/PACER electronic filing system to all counsel of record.  Parties may access documents through the Court's system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 12, 2015                    /s/ Norma Dale
                                        Norma Dale

Plf's Request for Certification for Appeal of Denial of Remand
*Wood v. IGate Technologies Inc., et al.*          Case No. 4:15-cv-00799-JSW
Page i