MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT, BAR NO. 65504
mriechert@morganlewis.com
SACHA M. STEENHOEK, BAR NO. 253743
ssteenhoek@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
IGATE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WOOD,<br><br>    Plaintiff,<br><br>vs.<br><br>IGATE TECHNOLOGIES, INC., a business entity, form unknown; and Does 1 through 25, inclusive,<br><br>    Defendant. | Case No. 3:15-cv-00799-JSW<br><br>**DEFENDANT IGATE'S OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    **June 19, 2015**<br>Time:    **9:00 a.m.**<br>Dept:    **Courtroom 5**<br>Judge:   **Hon. Jeffrey S. White** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

Certification of the Court's April 22, 2015 Order for interlocutory review pursuant to 28 U.S.C. § 1292(b) is unwarranted. Section 1292(b) certification, which is designed to be used sparingly and in extraordinary cases, is permitted only where an order involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three requirements must be satisfied; none is here.

First, there is no issue of a controlling question of law in this case. The previous remand order was based on the interpretation of a private agreement between two parties, and has no significance outside of the parties themselves (or the relatively few other IGATE employees who may also have similar agreements). Any appellate review of the applicable controlling law would have no bearing on the merits of this case.

Second, and relatedly, contrary to Plaintiff's assertion, there is no evidence of a substantial ground for a difference of opinion on the question decided. This case, pending in the Northern District of California, Oakland Division, is indisputably pending in a court "geographically located in Alameda County, California." Plaintiff has offered no other case – and we have found none – in which a court has considered a similar forum selection clause and ruled that a case pending in the same geographic location as required by the clause was improper. Indeed, the Ninth Circuit has already settled that question in *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011), (a forum selection clause using the preposition "in" a specific county means "federal as well as state courts [within that county] as proper courts for adjudication.").

Third, certification of the remand order would not "materially advance" the termination of this litigation. Just the opposite – if Plaintiff is allowed to appeal, this case could languish for years before the Ninth Circuit renders a decision, time that could have been spent adjudicating the merits of this case, which will not change if it is litigated in federal versus state court. Accordingly, this Court should deny Plaintiff's request to certify the order denying remand.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

1

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

## II. STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(a)(3)]

The following issues are raised by Plaintiff's motion:

1. Whether this Court's April 22, 2015 Order denying Plaintiff's Motion for Remand (the "Order") involves a controlling question of law.

2. Whether there is a substantial ground for difference of opinion regarding whether a forum selection clause specifying that a case must be heard in a "court … geographically located in Alameda County, California" can mean anything other than permitting a case pending in a court that is physically located in Alameda County to proceed.

3. Whether interlocutory review of the Order would materially advance the ultimate termination of this litigation.

## III. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff was Defendant IGATE's employee. During her employment, Plaintiff and Defendant entered into an employment agreement which included a forum selection clause which reads:

> Jurisdiction and venue is [*sic*] exclusively limited in any proceeding by the Company or Employee to enforce their rights hereunder **to any court** or arbitrator **geographically located in Alameda County, California**. The Employee hereby **waives any objections to the jurisdiction and venue of the courts in or for Alameda County, California**, including any objection to personal jurisdiction, venue, and/or forum non-convenient [*sic*], in any proceeding by the Company to enforce its rights hereunder filed **in** or for Alameda County, California.

Dkt. No. 19 p. 12.

On October 10, 2014, Plaintiff filed a complaint in the Superior Court of California, County of Alameda against IGATE. Dkt No. 1-1 ("Complaint"). Defendant removed Plaintiff's claims to this Court on February 23, 2015 based on diversity jurisdiction. Dkt No. 1. Defendant argued that jurisdiction was proper in this Court because Plaintiff is a citizen of the state of Georgia, diverse from Defendant IGATE, which is organized under the laws of the state of Pennsylvania with headquarters in New Jersey. *Id.* at p. 2. Diversity jurisdiction was also proper because Plaintiff alleged an amount in controversy exceeding $4 million. *Id.* at pp. 3-4. In effectuating the removal, Defendant checked the box for the Oakland Division as the location in which this case should proceed. Dkt. No. 22-1 ¶ 2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

2

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

This case was initially assigned to Magistrate Judge Donna M. Ryu. Dkt. No. 5. Magistrate Ryu's courtroom is located in the Oakland Courthouse. On March 10, 2015, Defendant consented to proceed before Magistrate Ryu. Dkt. No. 10. Despite having been ordered, on March 3, 2015, to consent or decline the magistrate judge by no later than March 10, 2015, Plaintiff neither consented nor declined the magistrate. *See* generally, Docket. Therefore, the case was randomly reassigned to a District Judge. Dkt. No. 11. On March 12, 2015, this case was assigned to District Judge Hon. James Donato. Dkt. No. 12. Judge Donato's courtroom is located in San Francisco, California.

Plaintiff filed a Motion to Remand this case to Alameda County Superior Court on March 25, 2015. Dkt. No. 19. In her motion, Plaintiff did not argue that the requirements for diversity jurisdiction had not been met. *Id*. Instead, her only argument in favor of remand was that the parties' forum selection clause, which required the case to be heard in a court geographically located in Alameda County, California, required the case to be remanded to a *state court* located in Alameda County. *Id*.

On April 8, 2015, Defendant filed a response to Plaintiff's Motion to Remand and concurrently filed a Motion to Transfer the case to the Northern District of California, Oakland Division. Dkt. Nos. 22, 23. On April 22, 2015, District Judge James Donato granted Defendant's Motion to Transfer and simultaneously denied Plaintiff's Motion to Remand. Dkt. No. 27.

IV. **ARGUMENT**

A. **The Standard Governing A Motion to Certify an Order For Interlocutory Review.**

A district court may certify an otherwise non-appealable order for interlocutory review pursuant to 28 U.S.C. § 1292(b) only when the order presents (1) a controlling question of law (2) as to which there is substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1982). All three requirements must be met for certification to issue under that statute. 28 U.S.C. § 1292(b); *Hansen v Schubert*, 459 F. Supp.2d 973, 1000 (E.D. Cal. Sept. 28, 2006) ("Section 1292 identifies three factors that must be present in order for the court

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

3

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

to certify an appeal"). Certification under Section 1292(b) is appropriate only in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *United States v. Woodbury*, 263 F.2d 784, 788 fn. 11 (9th Cir. 1959) ("[Section] 1292 is to be applied sparingly and only in exceptional cases."); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Because § 1292(b) is a departure from the normal rule that only final judgments are appealable, the statute 'must be construed narrowly.'") (*quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *Valdovinos v. McGrath*, No. C02-1704 CW, 2007 WL 2023505, at *2 (N.D.Cal. Jul. 12, 2009) ("The court should construe the requirements for certification strictly, and grant a motion for certification only when exceptional circumstances warrant such action.").

### B. The Interpretation Of The Terms Of A Private Contract Between Two Parties Is Not A Controlling Question Of Law Justifying The Exceptional Result Of Interlocutory Appeal.

A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026. Issues that are "collateral to the basic issues of [the] case…cannot be regarded as representing a 'controlling question of law.'" *Id*. at 1027 (citing *Woodbury*, 263 F.2d at 787-88).

In addition, to be considered a "controlling question of law," the question should be one involving "'the meaning of a statutory or constitutional provision, regulation, or common law doctrine' that 'the court of appeals could decide quickly and cleanly without having to study the record[.]'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1089 (E.D. Cal. 2008) (*quoting Ahrenholz v. Board. of Trustees of the Univ. of Ill*., 219 F.3d 674, 676 (7th Cir. 2000)). Although the Ninth Circuit has not expressly defined the term "question of law," a number of other courts have stated that the term means a "pure question of law" rather than a mixed question of law and fact or the application of law to a particular set of facts. *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065-66 (D. Haw. 2013) (collecting cases); *see also McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 25930852.1

4

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

of the record in order to determine the facts"); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("The idea [behind § 1292] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.").

Here, there is no "controlling question of law" because the question at issue deals not with interpreting a statutory, constitutional, or regulatory position, but rather a very factually based interpretation of a private contract. Such a question is much different from the interlocutory appeals of the remand orders in *Bauman v. Chase Investment Services Corp.*, 747 F.3d 1117 (9th Cir. 2014) and *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013). Both of those cases analyzed the far reaching question of whether PAGA claims, a statutory provision frequently implicated in California employment cases, could be aggregated to support removal under diversity and CAFA jurisdiction. *Bauman*, 747 F.3d at 1124; *Urbino*, 726 F.3d at 1123.

Because Plaintiff must demonstrate *all* of the three requirements under Section 1292(b), and because she has failed to meet even the first requirement, her motion to certify this question should be denied.

### C. There Is Not A "Substantial Ground For Difference Of Opinion" With This Court's Order As It Is In Agreement With Controlling Ninth Circuit Authority.

A substantial ground for difference of opinion exists only when the challenged decision conflicts with the decisions of "several other courts."[1] *Brenneise v. San Diego Unified Sch. Dist.*, 2008 WL 4853329, at *7 (S.D. Cal. Nov. 7, 2008), (quoting *APCC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003)). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Courts traditionally will only find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if

---

[1] Plaintiffs' own disagreement with the Order does not constitute a "substantial difference of opinion" warranting interlocutory review. *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25930852.1
5
OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

1  complicated questions arise under foreign law, or if novel and difficult questions of first
2  impression are presented." *Id*. (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).
3  "[J]ust because a court is the first to rule on a particular question or just because counsel contends
4  that one precedent rather than another is controlling does not mean there is such a substantial
5  difference of opinion as will support an interlocutory appeal." *Id*.

6  Here, there is no substantial ground for a difference of opinion because the applicable
7  controlling law is clear; it has been decided already by the Ninth Circuit in *Simonoff*, 643 F.3d
8  1202. In that case, the Ninth Circuit analyzed a forum selection clause in which the parties had
9  agreed to "exclusive jurisdiction and venue of courts in King County, Washington." *Id*. at 1205.
10 After the plaintiff filed suit in state court in King County, the defendant removed the case to
11 federal court. *Id*. Arguing that the case should be remanded, the plaintiff argued that the forum
12 selection clause stating that the case must be heard "in" King County precluded removal to
13 federal court. *Id*. The Ninth Circuit held that district court, which was geographically located
14 "in" King County, was also "undoubtedly 'in' that county" for the purposes of complying with
15 the forum selection clause. *Id*. at 1206. Because this *Wood* case is undeniably proceeding "in"
16 Alameda County, and Plaintiff has cited to no other case pending in the county required by the
17 forum selection clause that required remand, Plaintiff cannot meet the second requirement.

18 Plaintiff claims there is a substantial difference of opinion because *one* other judge
19 overseeing a case pending in a court *geographically located in the County of San Francisco*
20 remanded a case interpreting the same forum selection clause. *See* Dkt. No. 38 pp. 9-11. That
21 case is factually distinguishable, and therefore of no use here.[2] Because Plaintiff has not met

---

[2] Defendant further contends both that the appeal in *Dodd* is proper and that the district court's decision to remand that case was incorrect. Under the Supreme Court precedent in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S.Ct. 568, 579 (2013), remand (like dismissal) is not an appropriate result when a case is venued in a court other than the one identified in a forum selection clause. *Atlantic Marine* held that, where venue is otherwise proper in the forum (i.e., the plaintiff has not questioned the jurisdictional requirements to be in federal court), dismissal is not appropriate; rather *the case must be transferred to the proper forum instead of being dismissed* (or, in this case, remanded). *Id*. If the parties have agreed upon a different forum in an enforceable forum selection clause, the Court has the power to – and indeed must – transfer the matter to another division within the district. *Id*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

6

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

1  section 1292(b)'s second requirement, Plaintiff's Motion should be denied.

### D. An Immediate Appeal Of The Order Would Not Advance The Termination Of The Litigation And Would Instead Lead To Protracted Litigation.

Finally, Section 1292(b) certification is not appropriate where it "would prolong litigation rather than advance its resolution." *Syufy Enter. v. Am. Multi Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal. 1988). "A party seeking interlocutory certification must show that an immediate appeal may 'materially advance,' rather than impede or delay, ultimate termination of the litigation." *Luchini v. Carmax, Inc*., 2012 WL 3862150, at *8-9 (E.D. Cal. Sept. 5, 2012), citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "[A]n interlocutory appeal must be likely to materially speed the termination of the litigation. This factor is linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the court of appeals on the management of the case." *See Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006).

Here, Plaintiff has not proffered how an immediate appeal will speed the termination of this litigation. If not appealed, this case will progress as scheduled by this Court, with dispositive motion hearings in June, and discovery commencing in August 2015. *See* Dkt. No. 40. It is unclear whether Plaintiff is seeking to stay this litigation while her appeal is pending; if not, then there would be no advancement of the litigation by seeking the appeal, but only additional hurdles to clear while the parties are litigating the matter in federal court. If she does seek a stay, then the opposite of material advancement would result – this case would be mired in appellate review when the parties could have instead been moving toward resolution. And, because of the significant differences in the *Dodd* and instant matter, even if the *Dodd* appeal fails, and that case remains in state court, because of the factual differences between the two matters, it is unlikely that decision will have any impact on Plaintiff's claims here. Because Plaintiff has not met the third requirement for interlocutory certification, this Motion should be denied.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet her burden of demonstrating "exceptional circumstances" justifying interlocutory appeal of the Order under the strict and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
DB2/ 25930852.1

7

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW

1 | narrow standard created by Section 1292(b). Plaintiff's Motion should be denied.

Dated: May 26, 2015                               MORGAN, LEWIS & BOCKIUS LLP


By: */s/ Sacha M. Steenhoek*
    Melinda S. Riechert
    Sacha M. Steenhoek
    Attorneys for Defendant
    IGATE TECHNOLOGIES INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 25930852.1

8

OPPOSITION TO MOTION TO CERTIFY
CASE NO. 3:15-CV-00799-JSW