IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARBARA WOOD,

    Plaintiff,

v.

IGATE TECHNOLOGIES, INC.,

    Defendant.

No. C 15-00799 JSW

**ORDER DENYING RENEWED ADMINISTRATIVE MOTION TO FILE EXHIBITS TO DECLARATION UNDER SEAL**

The Court has received and considered Defendant iGate Technologies, Inc. ("Defendant")'s renewed administrative motion to file the entirety of the exhibits attached to the declaration of Sacha M. Steenhoek in support of its motion for summary judgment under seal. Plaintiff has not opposed the motion, and the matter is ripe for resolution. *See* N.D. Civ. L.R. 79-5. The Court rejected Defendant's first attempt to seal all the documents and all the testimony attached to the Steenhoek declaration.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The Court starts with a strong presumption in favor of public access to a document, unless it is one that is traditionally kept secret. *Id.*

In order to overcome this presumption, Defendant must demonstrate "compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal quotations and citations omitted).

In their first request, Defendant merely stated that the documents were sealable under the parties' protective order. Finding this insufficient, the Court denied the motion with leave. In the renewed request, Defendant again seeks to seal the entire set of documents and all testimony (with the exception of the cover page of the deposition identifying the witness). Again, there is no compelling reason to place the *entirety* of all exhibits and all testimony to the Steenhoek declaration under seal. Only *selected* portions of the parties' submissions may refer to protected information. Therefore, the Court DENIES the motion to seal.

This ruling is again without prejudice to Defendant renewing the motion one final time. However, any renewed motion must be supported by specific facts demonstrating that specific portions of the testimony (by page and line number) or specific portions or all of the documents should be sealed. If Defendant seeks to maintain any particular excerpts under seal, it must file a renewed motion with the detailed excerpts to be filed under seal by no later than July 25, 2016. In the absence of a renewed motion for filing specific portions of the exhibits under seal in compliance with this Court's order and an explanation why each specific portion (by page and line number for deposition testimony or specific portion or all of a document) is sealable, the Court shall direct the Clerk to file the declaration and its exhibits in the public record.

**IT IS SO ORDERED.**

Dated: July 18, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE